IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brandon Rex Miller, ) | Case No. 2:23-cv-01535-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Spartanburg County Detention Center, ) | |
| Spartanburg County, Sheriff Chuck ) | |
| Wright, Major Leso, Deputy B.M. Bishop,) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' motion for summary judgment. ECF No. 29. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On December 18, 2024, the Magistrate Judge issued a Report recommending that the motion be granted in part and denied in part. ECF No. 38. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 41.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, this action concerns an inmate-on-inmate attack at the Spartanburg County Detention Center on March 2, 2023. Plaintiff raises claims for failure to protect and unconstitutional conditions of confinement. The Magistrate Judge recommends denying the motion for summary judgment as to Plaintiff's failure to protect claim against Defendant B.M. Bishop and granting the motion in all other respects.

With respect to denying the motion as to Plaintiff's failure to protect claim against Bishop, no party has objected to that portion of the Report. Accordingly, upon review for clear error, the Court adopts the recommendation of the Magistrate Judge and denies the motion for summary judgment with respect to the failure to protect claim against Bishop.

Liberally construed, approximately the first half of Plaintiff's objections concern the actions of Defendant Bishop in failing to protect him.[1] *See, e.g.*, ECF No. 41 at 1 ("Deputy Bishop by leaving this door unlocked, gave rise and opportunity for this incident to take place."). He goes on to state that "[e]ach of the Defendant named has played a part in this situation, and each must be held accountable in this Court . . ." and that "[t]he detention center, its staff, and the county are all responsible for the SAFE housing of individuals suspected of crimes." *Id.* While the Court is of the opinion that most of these objections are generalized, nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed the remainder of the Report, the record, and the applicable law de novo.

### *Persons Under § 1983 and Eleventh Amendment Immunity*

The Spartanburg County Detention Center is not a person amenable to suit under 42 U.S.C. § 1983. *See, e.g.*, *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-02988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011). Accordingly, the motion for summary judgment is granted as to this Defendant. Further, the Spartanburg County Detention Center "is under the control of the Sheriff of that county and is not under the control of the County or the County Council." *Bell v. Dobey*, C.A. No. 6:07-cv-3652-DCN,

---

[1] The Court notes that the objections are late. The Report was issued on December 18, 2024, and the objections were postmarked on January 22, 2025, and received by this Court on January 27, 2025. Even with the additional time given under the mailbox rule, the objections are late. Nevertheless, out of an abundance of caution for a pro se party, the Court will consider the late objections. Plaintiff is directed to be mindful of deadlines in the future.

2009 WL 1010482, at *3 (D.S.C. Apr. 14, 2009).  Therefore, Spartanburg County is not liable for the alleged constitutional violations, and the motion for summary judgment is granted as to this Defendant.  In addition, the individual Defendants are entitled to immunity pursuant to the Eleventh Amendment for all claims brought against them in their official capacity.  *See*, *e.g.*, *Williams v. Dorchester Cnty. Det. Ctr.,* 987 F. Supp. 2d 690, 696 (D.S.C. 2013).  Accordingly, the motion for summary judgment is granted as to claims against the individual Defendants in their official capacity.

***Constitutional Claims***

*Defendant Leso*

In the Report, the Magistrate Judge notes that "Plaintiff does not mention Defendant Major Leso anywhere in the body of the Complaint, nor in his responsive briefing."  ECF No. 38 at 12.  Likewise, Plaintiff has not mentioned Leso by name anywhere in his objections.[2]  *Portee v. Felder*, No. C/A No. 2:07-945-PMD, 2008 WL 2252325, at *4 (D.S.C. May 28, 2008), *aff'd in part, dismissed in part sub nom.* 372 F. App'x 361 (4th Cir. 2010).  Accordingly, the motion for summary judgment is granted as to this Defendant.

---

[2] The Court notes that Plaintiff refers to "Defendants" in his objections, which presumably include Leso; however, these generalized allegations that all Defendants are responsible for Plaintiff's injuries are insufficient to impose individual liability.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion).

4

*Defendant Bishop-Conditions of Confinement*

In the Report, the Magistrate Judge recommends granting the motion for summary judgment as to Plaintiff's conditions of confinement claim against Bishop because "there is no admissible evidence indicating that the Detention Center was overcrowded, and that Bishop was responsible for this alleged condition of confinement." ECF No. 38 at 15 (footnote omitted). Upon review of the Report, the record, and the appliable law, the Court agrees. Accordingly, the motion for summary judgment is granted as to Plaintiff's conditions of confinement claim against Bishop.

*Defendant Wright*

In the Report, the Magistrate Judge notes that Plaintiff's claims against Wright do not allege any personal involvement but seem to arise solely out of his supervisory responsibility for the operation of the Spartanburg County Detention Center. She recommends granting the motion for summary judgement as to any claim for supervisory liability against Wright because "Plaintiff has failed to point to any specific policy or procedure that allegedly violated his constitutional rights" and "there is otherwise no evidence that Wright knew that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury." ECF No. 38 at 16 (internal quotations marks and citation omitted). Likewise, while he makes general allegations that all Defendants are liable in his objections, Plaintiff has not identified a policy or procedure that allegedly violated his civil rights or made more than general allegations that Wright should have known about this specific risk of injury. *See Frederick v. Magill*, No. 0:15-cv-3399-HMH-PJG, 2016 WL 4083232, at *2 (D.S.C. June 30, 2016), *adopted by*, 2016 WL

4040071 (D.S.C. July 28, 2016); *Randall v. Prince George Cnty.*, 302 F.3d 188, 207 (4th Cir. 2002). Accordingly, the motion for summary judgment is likewise granted as to this claim.

Similarly, the Magistrate Judge recommends granting the motion for summary judgment as to any conditions of confinement claim brought against Wright "as there is no evidence that Plaintiff was subject to the overcrowding at the Detention Center . . . [n]or is there any evidence Wright was aware or should have been aware of this alleged condition of confinement." ECF No. 38 at 16. Upon review, the Court agrees that there is no evidence of any personal involvement by Wright. *See*, *e.g.*, *Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 464 (M.D.N.C. 2016). Accordingly, summary judgment is also granted as to this claim.

## CONCLUSION

Therefore, upon review the Court adopts the recommendation of the Magistrate Judge. The motion for summary judgment [29] is **GRANTED in part and DENIED in part**. Specifically, the motion is denied as to Plaintiff's claim that Defendant Bishop failed to protect him in violation of 42 U.S.C. § 1983. The motion is granted in all other respects and the Spartanburg County Detention Center, Spartanburg County, Chuck Wright, and Major Leso are dismissed from this action.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 25, 2025
Spartanburg, South Carolina